UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL ROMERO,<br><br>     Plaintiff,<br><br>v.<br><br>CAPITAL ONE NATIONAL ASSOCIATION, et al.,<br><br>     Defendants. | Case No. 25-cv-08842-TSH<br><br>**ORDER RE: CONSENT TO MAGISTRATE JUDGE JURISDICTION**<br><br>Re: Dkt. No. 18 |

On November 3, 2025, Plaintiff Isabel Romero filed a consent to magistrate judge jurisdiction. ECF No.11. However, on January 9, 2026, Plaintiff filed a declination to proceed before a magistrate judge and request for reassignment to a district judge. ECF No. 18.

28 U.S.C. § 636(c)(1) requires the consent of all parties for "jurisdiction to vest in the magistrate judge." *Williams v. King*, 875 F.3d 500, 503-04 (9th Cir. 2017). "There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 2003) (citations omitted). After consenting to the jurisdiction of a magistrate judge, a party's consent may only be withdrawn by a district judge for "good cause shown on its own motion, or under extraordinary circumstances shown by any party." *Branch v. Umphenour*, 936 F.3d 994, 1001-02 (9th Cir. 2019) (quoting 28 U.S.C. § 636(c)(4)); *see also* Fed. R. Civ. P. 73(b)(3) ("On its own for good cause--or when a party shows extraordinary circumstances--the district judge may vacate a referral to a magistrate judge under this rule."). Thus, if Plaintiff seeks to withdraw the November 3, 2025 consent, Plaintiff must file a motion to withdraw consent by January 23, 2026. The Court will refer any such motion to withdraw consent to the general duty judge for resolution.

**IT IS SO ORDERED.**

Dated: January 9, 2026

_____
THOMAS S. HIXSON
United States Magistrate Judge